J. C. THOMPSON ET AL. v. W. E. GRAVES.

(No. 3196.)

APPEAL from Tarrant County. Opinion by WILLSON, J.

WALLACE HENDRICKS and TEMPLETON & KERN, counsel for appellants.

W. R. McLURA, counsel for appellee.

**§ 7.** *Sequestration; property seized under writ of, unless replevied, should be held by officer until otherwise disposed of by order of court, although the proceeding may have been quashed.* Thompson, as constable, seized certain property belonging to Graves, under and by virtue of a writ of sequestration issued in a suit wherein Alexander was plaintiff and said Graves was defendant. Said property was not replevied by either party to said suit, and remained in the possession of said constable. Said sequestration proceeding was quashed some time prior to a trial upon the merits of said cause, but the interlocutory order of the court quashing the sequestration did not dispose of the property seized; that is, did not direct the constable what to do with said property. Immediately upon the quashal of the sequestration, appellee demanded said property of said constable, who refused to deliver the same to him. Appellee then instituted this suit against said constable and the sureties on his official bond, to recover the value of said property, etc., and recovered judgment accordingly. Appellants insist that Thompson, the constable, was justified in holding the property, and in refusing to deliver the same to appellee; that it was his duty to hold said property until ordered by the court to deliver it to said Graves, or to otherwise dispose of it, and that under the facts of this case said constable was not guilty of a conversion of said property. We are of the opinion that appellants are correct in this position. A writ of sequestration commands the officer to keep the property seized subject to the future order of the judge, court or justice of the peace who issued the writ, unless the same is replevied according to law. [Sayles' Civil St., art. 4494.] We think the constable was justified in holding the property until ordered by the court to dispose of it, or until a final disposition of the cause. He was not directed by the court to deliver the property to appellee, nor had there been a final disposition of the cause in favor of ap-

pellee. True, the sequestration had been quashed, but this was interlocutory, and did not, we think, have the effect to at once discharge the property from the custody of the law. It might be that the court would thereafter set aside such interlocutory judgment, or that on appeal from a final judgment in the cause such interlocutory judgment would be reversed and set aside. We are of the opinion that appellee has no cause of action against appellants.

October 26, 1889.        Reversed and dismissed.